IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

OCT 2 2 2007

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| DAVID SUTTON,<br>Plaintiff,<br><br>v.<br><br>UNNAMED DEFENDANT,<br>Defendant. | CIVIL ACTION NO.<br>1:07-CV-2518-TWT<br><br><br>MANDAMUS ACTION<br>28 U.S.C. § 1361 |

## ORDER AND OPINION

Plaintiff, David Sutton, presently confined at the Hancock State Prison in Sparta, Georgia, has submitted a letter that the Clerk of this Court has docketed as a 28 U.S.C. § 1361 petition for a writ of mandamus. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no

AO 72A
(Rev.8/82)

set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In this action, Plaintiff states that he is currently serving a "void and illegal" life sentence. On July 26, 2007, Plaintiff filed a petition for writ of mandamus in the Gwinnett County Superior Court, asking the state court to impose a legal sentence in accordance with Georgia law. Because the respondent failed to timely respond to the allegations in the state mandamus petition, Plaintiff asserts that he is entitled to default judgment as a matter of law. Plaintiff ask this Court to intervene in the state mandamus action in order to prevent the "crule [sic] shell game" being employed by the respondent. Plaintiff, therefore, appears to ask this Court to compel either the respondent to answer the state mandamus petition or the state court to enter a default judgment in favor of Plaintiff.

Liberally construed, Plaintiff seeks relief in the nature of a writ of mandamus. Federal district courts are granted jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This Court, however, has no general power to issue writs of mandamus to direct a state official in the performance of his or her official duties. See Moye v. Clerk, DeKalb Superior

Court, 474 F.2d 1275, 1276 (5th Cir. 1973);[1] Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F.Supp. 501, 504 (N.D. Ga. 1980), aff'd 644 F.2d 434 (5th Cir. 1980). Accordingly, Plaintiff is not entitled to federal mandamus relief.

### Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED**, this  18  day of  October , 2007.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).